In re La Shon CARSON, Debtor.

Christopher J. Redmond,
Trustee, Appellant,

v.

La Shon Carson, Appellee.

BAP No. KS–06–133.
Bankruptcy No. 05–24327–7.

United States Bankruptcy Appellate Panel
of the Tenth Circuit.

Aug. 24, 2007.

Christopher J. Redmond, pro se (P. Glen Smith of Husch & Eppenberger, LLC with him on the brief), Leawood, KS.

David A. Reed of Law Office of David A. Reed, P.A., Kansas City, KS, for Appellee.

Before BOHANON, BROWN, and THURMAN, Bankruptcy Judges.

BOHANON, Bankruptcy Judge.

Appellant Christopher J. Redmond ("the Trustee") appeals an order entered by the United States Bankruptcy Court for the District of Kansas declining to apply the doctrine of marshaling to Debtor's tax refund, which was assigned pre-petition to Debtor's counsel for his flat-fee retainer. The Trustee argues that the bankruptcy court erred because (1) its ruling assessed the burden of Debtor's attorney's fees against the estate rather than the debtor, contrary to the United States Supreme Court's *Lamie*[1] decision and (2) the pre-petition transfer did not preclude marshaling and equity justifies its application. For the following reasons, we AFFIRM.

1.  *Lamie v. United States Trustee,* 540 U.S. 526,

## Background

The key facts were stipulated to and are not in dispute. Debtor filed for Chapter 7 relief in 2005. Debtor's counsel agreed pre-petition to represent her for a flat fee of $750. In connection therewith, debtor executed an assignment of her anticipated 2005 federal and state income tax refunds. Debtor received a refund of $5,468 post-petition and delivered it to her bankruptcy counsel. The petition was filed 256 days into the year, thus 70.14% of the year was pre-petition. The parties stipulated that the pro rata portion of the refund attributed pre-petition was $3,835.26 and the post-petition portion was $1,632.74. Debtor's counsel deducted $750 from the pre-petition portion and forwarded $3,085.26 to the Trustee.

The Trustee moved for turnover of the $750 arguing the bankruptcy court should apply the doctrine of marshaling and require that the fee be paid from the debtor's post-petition portion of the refund. The bankruptcy court disagreed, finding that under Kansas law, the assignment of a contingency such as a tax refund is an absolute transfer akin to a cash retainer, which divests the assignor of all right of control over the subject matter of the assignment. The bankruptcy court concluded the entire refund could not create the two funds upon which the Trustee relies to apply the doctrine of marshaling, and prorated the refund after deducting the attorney's fees. The bankruptcy court ultimately ordered: (1) debtor's counsel can keep the $750 fee, (2) the Estate shall receive $3,309.21, (3) debtor shall receive the balance of $1,408.79, and (4) because the debtor had previously paid only $3,085.26 of the refund to the Trustee, she must turn over $223.95 to the Trustee.

124 S.Ct. 1023, 157 L.Ed.2d 1024 (2004).

The Trustee appealed this order. We AFFIRM for the following reasons.

### Standard of Review

■ We review an order refusing to apply the doctrine of marshaling under the abuse of discretion standard. *In re Laufenberg*, 2004 WL 2731670, *4 (10th Cir. BAP November 30, 2004) (applying abuse of discretion standard to bankruptcy court's refusal to apply doctrine of marshaling); *Ramette v. United States (In re Bame)*, 279 B.R. 833, 837 (8th Cir. BAP 2002) (BAP reviews bankruptcy court's application of equitable doctrine of marshaling for abuse of discretion.).

### Discussion

A. The Bankruptcy Court's Decision Comports With *Lamie*.

■ The Trustee argues that by deducting the attorney's fee from the refund prior to prorating it, the bankruptcy court reduced the assets available to the estate and assessed the burden of debtor's attorney's fees against the estate, thereby circumventing the holding in *Lamie*. We disagree, the Trustee's interpretation of *Lamie* is too narrow. First, the *Lamie* Court did not make any broad, sweeping statements of policy regarding who should bear the burden or cost of a debtor's attorney's fees. Second, *Lamie* does not say that a debtor's attorney's fees cannot be assessed against the estate. Instead, the *Lamie* Court held that 11 U.S.C. § 330(a)(1)[2] does not authorize compensation awards to debtor's attorneys from estate funds, unless they are employed as authorized by § 327. Thus, if the attorney was employed as authorized by § 327, then the estate bears the burden of debtor's attorney's fees.

Finally, there is an exception to the general prohibition of using estate funds to compensate attorneys, not employed per § 327, for postpetition services. *Lamie* interpreted Section 330(a)(1) to "not prevent a debtor from engaging counsel before a Chapter 7 conversion and paying reasonable compensation in advance to ensure that the filing is in order." *Lamie*, 540 U.S. at 537–538, 124 S.Ct. 1023. Fees that are considered property of the attorney rather than property of the estate fall under the "*Lamie* retainer exception." *See In re CK Liquidation Corp.*, 343 B.R. 376, 383 (D.Mass.2006) (*Lamie* retainer exception applies to flat fee retainers). Because the fees at issue are for a flat-fee retainer, the bankruptcy court's decision is not contrary to *Lamie*.

B. The Equitable Doctrine of Marshaling

■ The Trustee contends the bankruptcy court erred in failing to apply the equitable doctrine of marshaling. For marshaling to apply, the movant must establish three elements: (1) the existence of two or more creditors competing against the same debtor; (2) the existence of two or more funds belonging to the debtor; and (3) the legal right of at least one creditor to satisfy its claim against either of the funds, when the other creditor has access to only one fund. *Morris v. Jack B. Muir Irrevocable Trust (In re Muir)*, 89 B.R. 157, 160 (Bankr.D.Kan.1988). Generally, marshaling prevents a senior lienholder from arbitrarily exhausting the only collateral of a junior lienholder when the senior creditor has other collateral while the junior creditor does not. *Meyer v. United States*, 375 U.S. 233, 237, 84 S.Ct. 318, 11 L.Ed.2d 293 (1963).

■ The bankruptcy court found that element 2 was missing. The bankruptcy

---

**2.** All future references to "Section" or "§ " are to the Bankruptcy Code, Title 11 of the United States Code unless otherwise indicated.

court held that "[t]he entire Refund could not create the two funds upon which the Trustee relies to apply the doctrine of marshaling." The bankruptcy court noted that "the parties ignore[d] the Assignment's effect on the extent to which the Refund became property of the estate," and concluded that "[w]hen the assignment is made to pay a flat fee retainer, the money does not become property of the estate," but instead, "the fee immediately becomes the attorney's property." Thus, "the Assignment removed the entire Refund from the reach of both the Debtor and the estate." [3]

Without citing to any supporting authority, the Trustee claims that the interest assigned does not need to be an asset of the estate in order to apply marshaling. The flaw in this argument is that court-ordered marshaling requires **two funds belonging to the debtor.** The Trustee identifies the two funds as the pre- and post-petition portions of the refund. Pro-rating or splitting the refund does not create two funds for purposes of marshaling. Moreover, under the Trustee's analysis, the two funds do not belong to the debtor; instead, the pre-petition portion belongs to the estate, while the post-petition portion belongs to the debtor.

■ Because the Trustee failed to meet his burden and establish a crucial element to apply marshaling, the bankruptcy court did not abuse its discretion when it declined to apply the equitable doctrine of marshaling.[4] Moreover, marshaling is an equitable doctrine which generally is not applied against a debtor or to the prejudice of the debtor. *In re Blagg,* 372 B.R. 502, 509–11 (Bankr.D.Kan.2007).

■ The Trustee asks us to invoke the equitable remedy of marshaling, notwithstanding his inability to meet the required elements, to make a policy statement, to wit: the burden or cost of a debtor's attorney's fees should always be paid by the debtor and never the estate. We, however, believe it is not the Court's duty to create policy, but that of Congress. "In sum, while judges might crave the freedom to always decree what is equitable and socially useful in the cases before us the Supreme Court says that we do not possess it when a statute or rule provides clear direction." *In re Horwitz,* 167 B.R. 237, 241 (Bankr.W.D.Okla.1994).

3. *See* Memorandum Opinion and Order Granting in Part Trustee's Motion to Compel Turnover ("Order") *in* Amended Appellant's Appendix ("App.") at 87. The bankruptcy court's conclusion that the Assignment removed the **entire** refund from the reach of both the debtor and the estate conflicts with *Redmond v. Lentz & Clark, P.A. (In re Wagers),* 355 B.R. 268, 276 (10th Cir. BAP 2006) (contingent, reversionary interests are included in a debtor's estate under § 541). As the bankruptcy court noted, the debtor, and therefore the estate, held "a reversionary interest in whatever amount of the Refund exceeded $750." Order at 6, *in* App. at 92. Since a contingent, reversionary interest is included in a debtor's estate under § 541, the remainder of the Refund was within both the debtor's and the estate's reach. The Assignment only removed the retainer from the reach of

the debtor and the estate. This error, however, does not warrant reversal on the marshaling issue. *Wagers* does not discuss the doctrine of marshaling. Moreover, *Wagers* is factually distinguishable as it involved a security retainer and not a fat-fee retainer. Finally, the bankruptcy court's error relates to the ownership status of the remainder of the Refund. The Trustee essentially seeks marshaling of the retainer. It is undisputed that the retainer never became property of the estate and belonged ab initio to the attorney.

4. We do not believe our decision to affirm the bankruptcy court's refusal to apply marshaling is inconsistent with *Wagers* because we are only dealing with the 750 retainer and not the entire refund.

## Conclusion

We conclude that it was creative bankruptcy planning on the part of debtor and her counsel to assign her tax refund pre-petition to pay her attorney's flat-fee retainer. Doing so was within the bounds of applicable law. For all of the above reasons, we AFFIRM.